UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KASHYAP P. PATEL, *et al.*,

    Plaintiffs,

v.

JIM STEWARTSON,

    Defendant.

Case No. 2:23-cv-00873-APG-NJK

**ORDER**

[Docket No. 17]

Pending before the Court is Plaintiffs' motion to extend the time to effectuate service and for alternative means of service. Docket No. 17. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **GRANTED** in part and **DENIED** in part.

### I. Extension of time to effectuate service

When good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The Court finds that the motion establishes sufficient cause to extend the time for effectuating service on Defendant until December 27, 2023.

### II. Alternative means of service

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve the summons and complaint upon defendants. Nevada law also permits service "through any alternative service method" if the movant can (1) demonstrate "that the service methods provided in [NRCP] 4.2, 4.3, 4.4(a) are impracticable"; (2) provide evidence demonstrating that the movant exercised due diligence to locate and serve the defendant; (3) provide evidence of the defendant's known or last-known contact information, "including the defendant's address, phone numbers, email addresses, social media accounts, or by other

1

information used to communicate with the defendant"; and (4) state why the proposed service method comports with due process.  NRCP 4.4(b).

The Court finds that Plaintiffs have not satisfied the requirements set forth in NRCP 4.4(b) to effectuate service via alternative means.  Plaintiffs submit in their motion that they made only one attempt to serve Defendant at his last-known residence.  Additionally, they fail to submit an affidavit from the process server regarding such attempt.  Therefore, the Court finds that Plaintiffs have not made diligent efforts to locate and serve Defendant and have not made the proper showing for service by alternative means.

### III.  CONCLUSION

Accordingly, Plaintiffs' motion to extend is **GRANTED** in part and **DENIED** in part.  The deadline to effectuate service is **EXTENDED** to December 27, 2023.  The Court **DENIES** Plaintiffs' motion to the extent that he may effect service on Defendant via alternative means.

IT IS SO ORDERED.

Dated: October 26, 2023

_____
Nancy J. Koppe
United States Magistrate Judge