UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KASHYAP PATEL and the KASH FOUNDATION, INC.,<br><br>Plaintiffs<br><br>v.<br><br>JIM STEWARTSON,<br><br>Defendant | Case No.: 2:23-cv-00873-APG-NJK<br><br>**Order Granting Motion for Entry of Default Judgment**<br><br>[ECF No. 30] |

Kashyap Patel and the Kash Foundation, Inc. move for default judgment against defendant Jim Stewartson. ECF No. 30.  The clerk of the court entered default against Stewartson. ECF No. 21.  The motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  I thus find good cause to grant it.

As a result of the entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Stewartson's statements are defamatory as to Kashyap Patel. ECF No. 8 at 19 ¶59.  And the complaint alleges that at least one of these statements was impliedly directed at the Kash Foundation, Inc. and "directly and proximately caused the Kash Foundation significant damages . . . ." *Id.* at 16 ¶¶44, 45; 20 ¶67.  Thus, liability is established.

The plaintiffs' motion offers scant evidence of harm or damages to either plaintiff.  Even if damages are presumed, there must be some evidence to support a monetary award.  The plaintiffs' expert report offers only conclusory statements about reputational damage and lost Foundation donors, with almost no reference to specific instances to support those.  For example, the reports states that Mr. Patel's "image has been deeply hurt by the defamation accusing him of

working against the government, corruption, and crime.  Apart from the business already lost, this impacts future opportunities and relationships." ECF No. 34 at 59.  But the report offers no examples of "business already lost" and how Mr. Patel's image was hurt by the defamatory statements themselves, as opposed to the myriad non-defamatory attacks Mr. Patel has suffered as a result of being a public figure.  To the contrary, after the defamatory statements, Mr. Patel was confirmed by the United States Senate as Director of the F.B.I.  Clearly his reputation was not significantly sullied by the defamatory statements.  Thus, minimal, if any, reputational rehabilitation damages are needed. ECF No. 34 at 65-66.  Nevertheless, Stewartson's statements were defamatory and caused presumed damages.  Falsely stating as fact that a public figure "attempted to overthrow the government," planned the January 6 insurrection, was a "Kremlin asset," and paid people to "lie to [C]ongress" (ECF No. 8 at 7) inflicts real injuries, personally and professionally.  I award Mr. Patel $100,000 in compensatory damages.

      Likewise, there is almost no concrete evidence of harm or damages suffered by the Foundation.  All of the defamatory statements were directed at Mr. Patel individually.  The Foundation contends it was harmed "by implication." ECF No. 8 at 16 ¶44.  The plaintiffs' expert states that Mr. Patel's "reputational damage has affected the ability of Kash Foundation to continue carrying out its social impact and affected donor and client relationships." ECF No. 34 at 54.  But there is only proffer of a possible harm to the Foundation: according to Andrew Ollis (whose affiliation with the Foundation is not described) "[a]t [l]east 7 donors, with a total donation/gift of $25,000+ have stopped giving since the incident, with the defamation being a highly probable cause of the same because the narrative directly contradicts the benevolence of donating to a charitable cause." *Id*. at 60.  There is no indication which "incident" (i.e., which defamatory statement) is referenced and why that statement (or the series of statements) is "a

highly probable cause" of the lost donations, as opposed to other reasons. Nor does the report explain why those seven donors account for "$25,000+" in lost donations when the average donation to the Foundation is $47. *Id.* Nevertheless, I will accept the $25,000 figure as a reasonable estimate of the harm to the Foundation, given that there is no other evidence of any affected donor or relationship or any impact on the Foundation's ability to carry out its mission. I award the Foundation $25,000 in compensatory damages.

The plaintiffs also request an award of punitive damages. Such an award is appropriate here, in part to deter Stewartson and others from engaging in defamation. Factual criticism of, and opinions about, public figures are protected speech and must be tolerated. This nation was founded on "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). But defamatory falsehoods made with actual malice are not protected, even if directed at public officials. *Id*. at 279-80. The complaint and the motion adequately demonstrate Stewartson acted with malice.

I consider "three guideposts" when evaluating punitive damages: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm v. Campbell*, 538 U.S. 408, 418 (2003) (citing *BMW of N. Am.,*

*Inc. v. Gore*, 517 U.S. 559, 575 (1996)).[1]  The most important guidepost is the reprehensibility of the conduct, based on five factors:

> whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Id*. at 419.[2]  Here, the harm was economic, the plaintiffs were not financially vulnerable, and the conduct involved repeated defamatory statements infused with malice.  Considering these factors, I award Mr. Patel $100,000 in punitive damages and the Foundation $25,000 in punitive damages.

I THEREFORE ORDER that the motion for default judgment **(ECF No. 30) is granted**.  The clerk of the court is directed to enter judgment against defendant Jim Stewartson and in favor of Kashyap Patel and the Kash Foundation, Inc. in the following amounts:

Kashyap Patel: $100,000 in compensatory damages and $100,000 in punitive damages

The Kash Foundation, Inc. $25,000 in compensatory damages and $25,000 in punitive damages.

I FURTHER ORDER the clerk of court to close this case.

DATED this 5th day of August, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] These guideposts apply when reviewing a jury's award of punitive damages.  But they are instructive here.

[2] Nevada Revised Statutes section 42.005(1) contains a cap on punitive damages but it does not apply to an action for defamation. Nev. Rev. Stat. § 42.005(2)(e).