ADAM R. FULTON
Nev. Bar No. 11572
JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, Nevada 89146
Phone: (702) 979-3565
Fax: (702) 362-2060
afulton@jfnvlaw.com

JASON C. GREAVES (*pro hac vice*)
JARED J. ROBERTS (*pro hac vice*)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jared@binnall.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA – LAS VEGAS DIVISION**

| | |
|---|---|
| KASHYAP PATEL *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>JIM STEWARTSON,<br><br>     Defendant. | Case No.: 2:23-cv-873-APG-NJK<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND SET ASIDE DEFAULT JUDGMENT** |

On August 8, 2025, this Court entered an order to grant Default Judgment to Plaintiffs. Defendant now attempts to avoid that judgment, falsely claiming that he was not properly served—despite his obvious attempts to evade service and his repeated references to the Complaint on his social media—and for supposed lack of personal jurisdiction. Defendant's motion fails on both counts.

Defendant received proper notice under the Federal Rules of Civil Procedure because (1) Plaintiffs complied with FRCP 4; and (2) Defendant received actual notice. Plaintiffs attempted personal service on Defendant as required by both Rule 4 and California law. When Plaintiffs were unable to personally serve Defendant, after multiple instances of Defendant attempting to evade service, they complied with the Rules and provided substituted service consistent with Ca. Civ. Pro. § 415.20. These efforts were successful, as evidenced by the affidavit of service and Defendant's repeated online acknowledgements of the litigation.

Under Rule 60(b), a judgment is not set aside unless the Court lacked *any arguable basis* for personal jurisdiction over Defendant. In this case, there is a reasonable basis to assert personal jurisdiction and for the Court to enter default judgment. Defendant is subject to personal jurisdiction before this Court because he (1) purposefully availed himself of the protection of law in Nevada; (2) Plaintiff's claims arise from Defendant's contact with Nevada; and (3) it is reasonable to subject Defendant to personal jurisdiction in Nevada. Defendant purposefully availed himself of Nevada law when he repeatedly directed his public comments at both events and persons within the state of Nevada. Defendant further knew that a substantial portion of the effects of his statements would be felt in Nevada. It is also not unreasonable to subject Defendant to personal jurisdiction in Nevada.

Finally, Defendant's contention that he has meritorious defenses to raise at trial is irrelevant. Defendant was aware of the case against him as early as June 15, 2023, and had ample opportunity to argue in his defense before he was in default. Defendant instead elected to loudly and publicly deny the fact that he was being properly sued. The law does not allow a Defendant to wait until it is convenient to present his defense. After a judgment has been rendered in his absence is too late.

## I. Legal Standard.

Federal Rule of Civil Procedure 60(b) grants the Court authority to relieve a Defendant from a final judgment only in specific and limited instances, as indicated in the Rule. Defendant has moved to dismiss on grounds of fraud under Rule 60(b)(3), and a null judgment under Rule 60(b)(4). To set aside a judgment on grounds of fraud under Rule 60(b)(3), the Defendant must prove by clear and convincing evidence that such fraud took place. *See Trendsettah USA v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022). The circumstances required to set aside a judgment under R.60(b)(4) are even more stringent. In *United Student Aid Funds, Inc. v. Espinoza*, the Supreme Court reiterated that "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." 559 U.S. 260, 271 (2010); *see also United States v. Boch Oldsmobile,* 909 F.2d 657, 661 (1st Cir. 1990) (holding that "only rare instances of a clear usurpation of power will render a judgment void").

Therefore, Defendant's application of Rule 60(b)(3) must prove fraud by clear and convincing evidence, and his claim of a void judgment under Rule 60(b)(4) must prove that the Court's "rendered judgment lacked even an 'arguable basis' for jurisdiction." *Espinoza*, 559 U.S. at 271 (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (C.A.2 1986)).

## II. The Court should dismiss Defendant's Motion because Defendant received proper service of process.

Defendant received proper service of process via substituted service on October 7, 2023. This service complied with both the Federal Rules of Civil Procedure and California rules. This service was effective, as evidenced by the affidavit of service at Defendant's home address of 1526 Steinhard Avenue, Redondo Beach, California, and Defendant's repeated, public acknowledgement that he was aware of the lawsuit against him.

1    Federal courts have consistently held that evidence of "substantial compliance" with Rule 4, coupled with evidence that the Defendant received actual notice of the suit will defeat challenges to the validity of service of process. The Ninth Circuit has held that "[s]o long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994)). That liberal construction, however, is limited as follows: "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without *substantial compliance* with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakwa*, 682 F.2d 1334, 1347 (9th Cir. 1982) (emphasis added).

Rule 4(e)(2)(B) states that a Plaintiff may serve a Defendant by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Similarly, Ca. Civ. Pro. § 415.20 states:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Considering these rules together, a Defendant has received good service of process when (1) Plaintiff has substantially complied with Rule 4 by (2) attempting to serve Defendant personally in accordance with California law; (3) served a responsible person (4) of suitable age (5) at Defendant's usual place of abode; and (6) Defendant

receives actual notice of the suit. Under this standard, Defendant has been effectively served.

Defendant in this case notably does not deny that he lived at 1526 Steinhart Avenue, at the time service was effectuated at that address, despite his accusation of fraudulent service. In fact, he was successfully served, in person, at that address on May 8, 2023, in another lawsuit. ECF No. 17 at Ex. 3. Days later, in that same lawsuit, on May 11 and May 12, Defendant began evading service. *Id.* He refused to answer the door, despite the process server being able to hear and see people within the residence. *Id.* Mere weeks later, Plaintiffs in this case attempted service on Defendant at that address, and it was evident that he was again evading service, as shown in the prior motion for alternative service. ECF No. 17. Despite video evidence that Defendant was still living at the same location, the person who answered the door on June 19, 2023—possibly even Defendant himself—lied to the process server, saying that Defendant had "moved" and then slammed the door. *See* ECF Nos. 14, 17 at Ex. 2. Despite Defendant having supposed moved, a man answered the door for the process server at that address on October 7, 2023, identified himself as John Doe, and represented himself as a housemate of Defendant. ECF No. 19. While Defendant vociferously denies that he ever had a male roommate and that he has only ever lived with his wife, he does not deny that he was living with his wife *at that address* or even that a man answered his door and represented himself as Defendant's housemate. This is a significant and telling omission and therefore Defendant's unsubstantiated claim of fraudulent service does not pass the smell test, much less establish clear and convincing evidence of fraud as required by Rule 60(b)(3).

Simultaneously, during this period, Defendant continually referenced this lawsuit on social media, showing that he had actual notice of the suit against him. Defendant has posted on his X profile regarding this litigation against him no fewer than *forty* times. These posts began as early as June 15, 2023, the day that Plaintiffs first attempted to serve Defendant, and three months *before* the process server affirmed

that he provided Defendant with substituted service.[1] Many of these posts, including the post indicated above, include documents from the litigation.[2] Defendant even wrote an opinion piece about the suit on his blog, "mind-war.com."[3]

The facts demonstrate that Defendant received proper service of process in this case. Plaintiffs substantially complied with the requirements of Federal Rule of Civil Procedure 4. Plaintiffs attempted to personally serve Defendant on both June 15, 2023, and October 7, 2023. When Defendant did not appear at the door, Plaintiffs followed correct procedure under both Federal and California rules when they left a copy of the summons and complaint with John Doe, a person who identified himself as a person of responsible age who lived with Defendant at Defendant's usual place of abode. This service successfully notified Defendant of the litigation, as evidenced by his prompt and incessant online commentary on the case.

### III. The Court should dismiss Defendant's Motion because Defendant is subject to personal jurisdiction in Nevada.

*A. The District Court is empowered to set aside this judgment only if there is no reasonable argument to support personal jurisdiction over Defendant.*

Defendant has moved to set aside the Court's entry of default judgment on grounds of a void judgment under Rule 60(b)(4). Def's Mot. to Dismiss 2, ECF No. 43. When applying this Rule to cases of disputed jurisdiction, the District Court has discretion to set aside its judgment only where the "rendered judgment lacked even an

---

[1] *See* Exhibit A (pp. 1-2): Jim Stewartson (@JimStewartson) X (Jun. 15, 2023, 12:23 P.M.) https://x.com/jimstewartson/status/1669380230367309825.

[2] *See, e.g.*, Exhibits B, C (pp.: 3-6): Jim Stewartson (@Jim Stewartson) X (May 9, 2025, 12:12 P.M.) https://x.com/jimstewartson/status/1920874581910233364; Jim Stewartson (@JimStewartson) X (Jun. 30, 2025, 12:22 PM) https://x.com/jimstewartson/status/1939721331718963317.

[3] *See* Jim Stewartson, *FBI Director Nominee Kash Patel Sued Me: Here's Why It Matters*, Mind-War.com (Jan. 29, 2025) https://www.mind-war.com/p/fbi-director-nominee-kash-patel-sued.

- 6 -

'arguable basis' for jurisdiction." *Espinoza*, 559, U.S. at 271. The First Circuit put it slightly differently, stating that "only 'rare instances of a clear usurpation of power' will render a judgment void" on grounds of improper exercise of personal jurisdiction. *U.S. v. Boch Oldsmobile*, 909 F.2d 657, 661-62 (1st Cir. 1990) (quoting *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). This holds Rule 60(b)(4) to a higher standard than other grounds to set aside a judgment. "'A judgment is not void,' for example, 'simply because it *is or may have been* erroneous." *Espinosa*, 559 U.S. at 270 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)) (emphasis added). The *Espinosa* court goes on to state that "a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 270-71 (internal citation omitted).

None of the above circumstances describe Defendant's situation. Defendant's arguments, at best, are that the Court's exercise of personal jurisdiction over Defendant *may have* been erroneous. The "certain type of jurisdictional error" spoken of in *Espinoza* is clarified to be one that is so egregious that there is *no arguable basis*. As the following section will show, there is more than an arguable basis for personal jurisdiction. Further, Defendant argues that he was "deprive[d] of notice or the opportunity to be heard." This also does not describe Defendant's situation. Defendant was properly served. Defendant had ample opportunity to respond to the claims against him. He instead chose to vent his frustrations online rather than engage with the Court as required by law.

Because there is more than an "arguable basis" for personal jurisdiction in this case, the Court should uphold its final order in this case and deny Defendant's motion to dismiss and set aside judgment.

*B. There is a reasonable argument that defendant is subject to specific personal jurisdiction in Nevada.*

There is reasonable cause to find that Defendant is subject to personal jurisdiction in Nevada. Under the applicable law, indicated above, the Court may exercise specific personal jurisdiction over a defendant when (1) Defendant purposefully directs his activities toward the forum; (2) the claim arose out of Defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable. The facts of this case satisfy all these elements.

Specific Personal jurisdiction in this case is governed by Nevada's long-arm statute, which extends personal jurisdiction to its Constitutional limit. See N.R.S. 14.065. The Ninth Circuit, consistent with the Supreme Court, has consistently held that for a court to exercise specific personal jurisdiction over a defendant, it must find that "the defendant . . . [1] purposefully direct[ed] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum; (2) the claim [arose] out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable." *AmA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)) (quotation marks omitted).

**1. Defendant purposefully directed his actions toward Nevada.**

Because many of Defendant's defamatory posts on X specifically tagged Dir. Patel and his associates, ensuring that his statements would affect Dir. Patel in Nevada, there is a reasonable basis to show that these actions satisfy the *Calder* test.

Purposeful direction is the test most consistently applied in individual tort cases. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Purposeful direction extends to Defendant's actions directed at residents of a specific jurisdiction. In *Schwarzenneger*, the Ninth Circuit stated that "[t]he Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who

'purposefully directs' his activities at residents of a forum, even in the 'absence of physical contacts' with the forum." *Schwarzenneger*, 374 F.3d at 803 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The 1984 Supreme Court case of *Calder v. Jones* provides the applicable test. 465 U.S. 783, 788–89 (1984). The Ninth Circuit has applied the *Calder* standard as follows: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Wanat* 970 F.3d at 1209 (quoting *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

Intent is typically straightforward and evident from a defendant's deliberate actions in a case. This standard is consistent with other areas of the law in their application of intent. *See, e.g., Mavrix Photo, Inc.* 647 F.3d at 1229.

Whether a defendant's actions are "expressly aimed" at a forum is a more in-depth analysis, particularly in cases involving online interactions. In one such case, *Rio Properties, Inc. v. Rio Intern. Interlink*, the Ninth Circuit held that "operating even a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient to confer personal jurisdiction." 284 F.3d 1007, 1020 (9th Cir. 2002) (quoting *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). In *Rio Properties*, the Ninth Circuit held that defendant's specific contact with parties in Nevada was sufficient to be "something more" and grant personal jurisdiction. See *Rio Properties*, 284 F.3d at 1020–21.

Finally, defendant's actions must cause harm that defendant could reasonably foresee would be felt in the forum state. This factor serves as a necessary but not sufficient requirement to establish personal jurisdiction. *See Bancroft & Masters v. Augusta National, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Typically, when a plaintiff can satisfy the "express aiming" requirement, the foreseeability of harm requirement will also be satisfied. *See, e.g., Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998); *Rio Properties*, 284 F.3d at 1020.

Defendant in this case acted intentionally. There has been no contention by Defendant that he did not make the statements alleged in the Complaint. On the contrary, he has repeatedly reiterated his claims, sometimes directly referencing the present litigation while doing so.[4]

Defendant has also directed his attacks at Nevada. Specifically, Defendant has maintained a personal crusade regarding the contentious 2020 Presidential election in Nevada. This has extended to those whom he deems guilty of presumed misdeeds in Nevada, including Dir. Patel and, relatedly, Lt. General Michael T. Flynn, U.S. Army (ret.) ("General Flynn"). This crusade has directly affected both Nevada and Dir. Patel. For example, on August 23, 2021, Defendant posted on X to criticize Caesar's Palace in Las Vegas for hosting the "God & Country Patriot Double Down."[5] That event was anticipated to include speakers critical of election integrity in Nevada, including General Flynn, and was ultimately canceled when Caesar's Palace declined to host the event.[6] Shortly before the current litigation began, Defendant linked Dir. Patel with Jesse Binnall and General Flynn, calling Mr. Binnall "Trump's top election fraud lawyer," and stating that he found "it very interesting that Jesse Binnall is also the lawyer suing me for [General Flynn]."[7] This continued after the initial complaint in this

---

[4] *See, e.g.*, Exhibits A, D (pp. 1-2, 7-8): Jim Stewartson (@JimStewartson) X (Jun. 15, 2023, 12:23 PM) https://x.com/jimstewartson/status/1669380230367309825; Jim Stewartson (@JimStewartson) X (Mar. 1, 2024, 5:07 PM) https://x.com/jimstewartson/status/1763687510994296951.

[5] Exhibit E (pp. 9-10): Jim Stewartson (@JimStewartson) X (Aug. 23, 2021, 11:41 AM) https://x.com/jimstewartson/status/1429831083391012867.

[6] *See* Eliza Relman, *Caesars Entertainment cancels a QAnon conference featuring Michael Flynn at its Las Vegas venue*, BUSINESS INSIDER (Sep. 1, 2021) https://www.businessinsider.com/caesars-cancels-a-major-qanon-conference-at-its-las-vegas-venue-2021-9.

[7] See Exhibit F (pp. 11-12): Jim Stewartson (@JimStewartson) X (May 18, 2023, 12:07 PM) https://x.com/jimstewartson/status/1659229341471985675.

case was filed. On July 18, Defendant claimed that Mr. Binnall "had fake electors in Nevada trade for immunity to FLIP ON HIM TO JACK SMITH. hahahahaha."[8]

The background context of Defendant's vendetta against General Flynn and anyone associating with him—including Dir. Patel and his lawyers—and the 2020 Presidential election in Nevada provides a much clearer picture as to why Defendant has sought so vigorously to defame Dir. Patel. It is particularly relevant that in the X post referenced in the Complaint, Defendant accused Dir. Patel of being "a Kremlin asset working for Mike Flynn and Devin Nunes since 2016." ECF No. 8 at 14.

Finally, Defendant caused harm that he knew was likely to be suffered in Nevada. Dir. Patel was a resident of Nevada before, during, and after Defendant's defamatory statements. Dir. Patel suffered embarrassment in Nevada because of Defendant's statements, the inevitable result of being defamed in Nevada. Defendant, who knew that Plaintiff resided in Nevada, and sought to continue a vendetta against anyone who would question Nevada's election policies, deliberately sought to damage Dir. Patel's reputation in Nevada.

Because Defendant committed an intentional act of defaming Dir. Patel by making false statements directly aimed at persons and events in Nevada, and because these allegations caused reasonably foreseeable harm to Dir. Patel in Nevada, Defendant purposefully directed his wrongful acts at Nevada.

### 2. The claim arises from Defendant's Nevada-related activities.

To establish personal jurisdiction, the claim at issue must arise from Defendant's activities related to the forum. *See Wanat*, 970 F.3d at 1208. This requirement is satisfied "if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990)).

---

[8] Exhibit G (pp. 13-14): Jim Stewartson (@JimStewartson) X (Jul. 18, 2023, 5:49 PM) https://x.com/jimstewartson/status/1681420853748334592.

There is a reasonable basis to show that Defendant's actions satisfy this requirement. If Defendant had not been engaged in a vendetta against anyone who questioned the administration of the 2020 Presidential election in Nevada, he would not have targeted Dir. Patel for smearing, and Dir. Patel would not have filed this suit.

### 3. It is reasonable for the Court to exercise personal jurisdiction.

Finally, to exercise personal jurisdiction over a defendant, such exercise must be reasonable, or must "not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, et al.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

It is more than simply reasonable to exercise personal jurisdiction in this Case. It would be unreasonable *not* to exercise personal jurisdiction over Defendant. Both before and during this litigation, Defendant has consistently thumbed his nose at Nevada and the Court. Defendant attempted to influence events in Nevada prior to this suit. He demonized a profitable Nevada business, Caesar's Palace, for being willing to do business with Defendant's perceived enemies. Defendant harassed and defamed Dir. Patel, a Nevada resident, from his presumed jurisdictional safety in California. As indicated in the section above regarding proper service of process, Defendant was aware of the suit against him and actively evaded service of process. Long-arm statutes which push jurisdiction to their Constitutional limit exist precisely to counter such evasive behavior.

Defendant knows this and understands that he is liable in Nevada. This is evident from his post on X on August 20, 2025, which said "Googly-eyed Kremlin bitch @FBIDirectorKash will have to come back to Nevada for the trial where I explain in full detail to the judge why I was dead serious when I said he's a 'chud.'"[9] Defendant has since deleted this post, likely in an attempt to skirt his vulnerability to personal

---

[9] Jim Stewartson (@JimStewartson) X (Aug. 20, 2025, 8:19 P.M) https://x.com/jimstewartson/status/1826389960932589973.

jurisdiction. There is certainly a reasonable basis to exercise specific personal jurisdiction in this case.

### IV. The Court should dismiss Defendant's Motion because Defendant seeks to excuse himself of timeliness obligations.

In his Motion to Dismiss and Set Aside Default Judgment, Defendant makes numerous arguments to claim that he has meritorious defenses to raise. Def's Mot. To Dismiss, 17 ECF No. 43. Whatever the value or merit of these defenses, they are irrelevant. Defendant willfully declined to comply with the requirements of Rule 12(a)(1)(A)(i).

This Court found as much in its Order granting Plaintiff's Motion for Default Judgment. In its Order, the Court stated "The motion [for default judgment] satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). I thus find good cause to grant it." ECF No. 40 at 1. The *Eitel* factors cited in the opinion are "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72 (quoting 6 MOORE'S FEDERAL PRACTICE ¶ 55–05[2], at 55–24 to 55–26).

This Court has therefore considered the relevant merits of the case and found them sufficient to grant default judgment. Defendant had his chance to be heard in court. He declined to do so. If the Court were to set aside its judgment now, it would weaken the important policy goal of prompt compliance with timeliness requirements.

### Conclusion

This case is closed. ECF No. 40 at 4. There is nothing to left to litigate. To prevail on his motion to set aside, Defendant must prove by clear and convincing evidence that Plaintiffs committed fraud, or that there is "no arguable basis" for personal jurisdiction.

1  Defendant cannot succeed in either argument. The Court's rendered judgment must
2  stand.

4  DATED: October 3, 2025                    Respectfully submitted,

*/s/ Adam R. Fulton*
Adam R. Fulton
(Nev. Bar No. 11572)
JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, Nevada 89146
Phone: (702) 979-3565
Fax: (702) 362-2060
afulton@jfnvlaw.com

Jason C. Greaves *(pro hac vice)*
Jared J. Roberts *(pro hac* vice)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jarred@binnall.com

*Counsel for Plaintiffs*