MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Defendant Jim Stewartson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KASHYAP P. PATEL, individually and on behalf of the KASH FOUNDATION, INC., the KASH FOUNDATION, INC. an Idaho Corporation,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>JIM STEWARTSON, an individual,<br><br>　　　　Defendant. | Case. No.: 2:23-cv-873-APG-NJK<br><br>**DEFENDANT JIM STEWARTSON'S REPLY IN SUPPORT OF**<br><br>**FED. R. CIV. P. 12(B)(2) AND 12(B)(5) MOTITON TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE PROCESS**<br><br>**AND**<br><br>**MOTION TO SET ASIDE DEFAULT JUDGMENT** |

Defendant JIM STEWARTSON, an individual, by and through his counsel of record, hereby replies in support of his Motion to Dismiss (ECF No. 42) and Motion to Set Aside Default Judgment (ECF No. 43). This reply is supported by the attached memorandum of points and authorities, all exhibits and declarations submitted therewith, and any oral argument that the Court may entertain at hearing.

DATED this 30th day of October, 2025.

　　　　　　　　*/s/ Leo S. Wolpert*
　　　　　　　　Margaret A. McLetchie, Nevada Bar No. 10931
　　　　　　　　Leo S. Wolpert, Nevada Bar No. 12658
　　　　　　　　602 South Tenth Street

i

Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Defendant Jim Stewartson*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should grant Mr. Stewartson's Motions (ECF Nos. 42 and 43). First, Mr. Stewartson was not served and dismissal under FRCP 12(b)(5) is proper. Second, even if that were not the case, Nevada courts lack personal jurisdiction over him because his allegedly tortious statements regarding Plaintiffs Kash Patel and his namesake company—posted by Mr. Stewartson from California on the globally accessible social media site X—are insufficient to establish minimum contacts with Nevada. Thus, Mr. Stewartson is entitled to dismissal under FRCP 12(b)(2) and the default judgment should be set aside. Third, even if none of that relief were appropriate, the default judgment should be set aside, as FRCP 60(b) should be applied liberally. After Plaintiffs initiated this action in June 2023 (ECF No. 1), little was done in this case. Only after this Court issued an OSC almost two years later (ECF No. 29) did Plaintiffs seek default judgment. (ECF No. 30.) Very soon after judgment was entered (ECF. No. 41), Mr. Stewartson promptly sought relief. This timing reveals there is no real prejudice to Plaintiffs. Indeed, setting aside the judgment would allow this matter to be resolved on the merits and avoid the manifest injustice of permitting Plaintiffs to obtain a windfall default judgment in a non-adversarial setting on claims that the Court could determine—with the benefit of adversarial testing—are barred by the First Amendment's ironclad protections for political speech.

Far from demonstrating that relief is not warranted, Plaintiffs' Opposition (ECF No. 50) is replete with unsupported factual assertions and irrelevancies such as the fact that other prominent officials such as Mike Flynn have also sued Mr. Stewartson.[1] The court should focus on what Plaintiffs elide in their Opposition: under the defendant-centered, post-

---

[1] Rather than showing Mr. Stewartson is "evading service," (ECF No., 50, p. 1:25) Plaintiffs' affidavit of service reflects that the process server served a stranger rather than a member of Mr. Stewartson's household, and nothing indicates that Plaintiffs ever personally served Mr. Stewartson anything, Legally, knowledge of suit is not the same thing as knowledge of having been served (and does not relieve Plaintiffs of their obligation to serve). And the timing of his Motion shows Mr. Stewartson did not just wait around once he learned that Plaintiffs had obtained a judgment (despite his lack of knowledge of being served).

1

*Walden* personal jurisdiction analysis, Nevada courts lack personal jurisdiction over Mr. Stewartson in this matter. Under this analysis, Mr. Stewartson did not purposely direct his conduct toward Nevada or make any contact with Nevada by posting statements to X about Plaintiffs (who happen to allegedly reside in Nevada) pertaining to Plaintiffs' conduct in national politics (which could take place in any location, not specifically Nevada). Contrary to Plaintiffs' unsupported assertion that Mr. Stewartson "knew that a substantial portion of the effects of his statements would be felt in Nevada" (ECF No. 50, p. 2:17-18) Mr. Stewartson simply posted about the national-figure Plaintiffs regardless of their location.

As for the factors supporting setting aside default, perhaps sensing that their prospects of prevailing on the "merits" of their claims are dire, Plaintiffs fail to address them at all. Rather, they urge the Court to ignore these salient defenses, incorrectly claiming the "law does not allow a Defendant to wait until it is convenient to present his defense." (ECF No. 50, p. 2:24.).[2] Whatever interests in finality and timeliness may be undermined by setting aside default are heavily outweighed by the interests in deciding cases on their merits, ensuring that the court does not exercise personal jurisdiction in excess of its constitutional limits, and ensuring that plaintiffs do not leverage insufficiently served lawsuits into windfall default judgments achieved in a non-adversarial setting. The Court should thus grant both of Mr. Stewartson's motions.

## II.     LEGAL STANDARD

Plaintiffs argue that FRCP 60(b)(4) relief is "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." (ECF No. 50, p. 3:11-15 (citing *United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260, 271 (2010) and *United States v. Boch Oldsmobile,* 909 F.2d 657, 661 (1st Cir. 1990).) Considering the Supreme Court's holding in *Walden*, this is precisely that sort of exceptional case: under *Walden*, this court lacks any arguable basis to exercise personal jurisdiction over Mr.

---

[2] The jurisdictional arguments can be raised anytime. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S. Ct. 2099, 2106, 72 L. Ed. 2d 492 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.")

Stewartson.

Plaintiffs ignore that "Rule 60(b) is 'remedial in nature and ... must be liberally applied'" and thus, "when Rule 60(b) is used to challenge a default judgment, the court should consider that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *In re Mackey*, No. 3:23-CV-00337-JAH-MSB, 2024 WL 5188046, at *4 (S.D. Cal. Dec. 20, 2024) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Thus, "when the judgment is not based on the merits (such as a default judgment), 'appropriate exercise of the district court's discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.'" *In re Mackey*, 2024 WL 5188046, at *4 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001)).

### III.   LEGAL ARGUMENT

#### A.   Mr. Stewartson Did Not Receive Sufficient Service.

It is true that Mr. Stewartson had actual notice of the instant lawsuit. However, actual notice of a lawsuit "will not subject a defendant to personal jurisdiction 'if service was not made in substantial compliance with Rule 4.'" *MMSP, LLC v. Stovall*, No. 2:22-CV-01218-GMN-MDC, 2025 WL 2617567, at *1 (D. Nev. Sept. 9, 2025) (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)). As detailed in the Motion (ECF No. 43, pp. 15:12 – 16:24) Plaintiffs did not substantially comply with Rule 4.

The claims that Mr. Stewartson was previously served successfully at the same address in a different lawsuit or allegedly evaded service in a different lawsuit at that address (ECF No. 50, p. 5:3-14) are irrelevant. Also irrelevant is Mr. Stewartson's failure to deny "that a man answered his door and represented himself as [his] housemate. (*Id.*, p. 5:19-20.) What is relevant is that Plaintiffs did not serve a reasonably competent member of Mr. Stewartson's household or even a person who resided at the address, but essentially a random gentleman who happened to be in the vicinity. The affidavits of service reflect this: the affidavit of service in the *Flynn* matter (Ex. 3 to ECF No. 17) notes that Mr. Stewartson is

50+ years old and weighs about 180 pounds. The affidavit of service here cannot be Mr. Stewartson, as the person allegedly served was in his 30s and weighed approximately 250 pounds. (ECF No. 19.) The affidavit of service is wholly agnostic as to where this anonymous man was served and does not indicate whether he was served inside the residence, or outside. It is Plaintiffs' story—that an anonymous man is a "responsible person of suitable age" who lives at Mr. Stewartson's "usual place of abode" despite Mr. Stewartson's denials—that fails to "pass the smell test."

Courts have found such non-specific affidavits of service insufficient in the corporate context. *See, e.g., Green Builders LLC v. USA Green Builders Corp.*, No. 2:24-CV-01469-LK, 2024 WL 4625331, at *2 (W.D. Wash. Oct. 30, 2024) (affidavit of service indicating only that it was a "white lady" who accepted service insufficient to serve corporation); *Bd. of Trs. of Cement Masons Health & Welfare Tr. Fund for N. California v. Mercoza*, No. 24-CV-03427-LJC, 2025 WL 2391550, at *2 (N.D. Cal. Aug. 18, 2025) (expressing skepticism over whether "'formulaic and conclusory' statement in the proof of service that John Doe was the 'Person in charge[,]' lacking factual detail supporting this conclusion, is sufficient to establish that John Doe was in fact authorized to accept service."); *Dytch v. Bermudez*, No. 17-cv-02714-EMC, 2018 WL 2230945, at *3 (N.D. Cal. May 16, 2018) (plaintiff failed to make sufficient showing of valid substitute service where the affidavit merely stated that the person served was "apparently in charge" and lacked any additional factual detail). *Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. CV 13-04590 (JS) (GRB), 2014 WL 6606402, at *4 (E.D.N.Y. Aug. 4, 2014) (service insufficient where process server identified person served as "Jane Doe" and simply asserted that she was authorized to accept service). Even though Mr. Stewartson is not a corporate defendant, the same logic applies to Plaintiffs' attempts to effectuate service here. Merely handing a summons and complaint to an unknown individual does not constitute substantial compliance with Rule 4 or California law regarding service. Mr. Stewartson should at least be provided the opportunity to challenge service.

4

### B.     Mr. Stewartson Is Not Subject to Personal Jurisdiction in Nevada.[3]

Even assuming, *arguendo*, that Plaintiffs effectuated service upon Mr. Stewartson, Plaintiffs still fail to establish that this Court (or any Nevada court) has personal jurisdiction over him. Plaintiffs utterly fail to address Mr. Stewartson's thorough explanation of why, considering *Walden v. Fiore* and its myriad interpretations in this Circuit—including in claims and circumstances similar to the instant one (ECF No. 43, pp. 7:5 – 13:2)—there is no arguable basis for Nevada courts to exercise personal jurisdiction over Mr. Stewartson here. Tellingly, Plaintiffs cite scant case law that post-dates *Walden*, essentially revealing that none of their arguments are valid post-*Walden*. Simply put, the Supreme Court has unambiguously mandated that "the plaintiff cannot be the only link between the defendant and the forum" but rather, "it is the ***defendant's conduct*** that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285. As Plaintiffs fail to point to any evidence that Mr. Stewartson's conduct was directed at Nevada, rather than at Plaintiffs who happen to be Nevada residents, the Court must dismiss for want of personal jurisdiction.

### 1.     Defendant Did Not Purposefully Direct Actions at Nevada.

"Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). Here, Plaintiffs rely on the mere fact that they are Nevada residents to purportedly establish jurisdiction over Mr. Stewartson. This is insufficient. As Plaintiffs admit, operating a "passive website in

---

[3] Notably, the weighty interest in ensuring that courts do not exceed their jurisdiction is reflected in the fact that "'a defendant [may] challenge personal jurisdiction [even] after a default judgment has been entered' unless this defense has been waived." *Rice Corp. v. Grain Bd. of Iraq*, 582 F. Supp. 2d 1309, 1311 (E.D. Cal. 2008) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir.2000)); *see also Watkins Fam. Tr. Dated 1/7/94 v. Wallace*, No. 3:24-CV-02785-JSC, 2024 WL 4700797, at *3 (N.D. Cal. July 31, 2024) (considering "motion to dismiss due to the Court lacking personal jurisdiction and insufficient service of process" despite entry of default). Plaintiffs do not argue that Mr. Stewartson has waived his ability to challenge personal jurisdiction; nor can they, Mr. Stewartson asserted this Rule 12(b) defense in his very first appearance in this matter.

conjunction with 'something more' – conduct directly targeting the forum – is sufficient to confer personal jurisdiction." (ECF No. 50, p. 9:15-17 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002).) Here, not only did Mr. Stewartson not "operate" a website by virtue of posting on X, but Mr. Stewartson did not do ***anything*** more to connect him to Nevada other than posting about Plaintiffs on the social media site X.

Social media posts are ***insufficient to establish personal jurisdiction***, particularly where the plaintiff presents no evidence that the posts were directed or targeted at the forum state or an audience in the forum state. *See Sec. Alarm Fin. Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 985 (N.D. Cal. 2016); *see also Burdick v. Superior Court*, 233 Cal.App.4th 8, 26, 183 Cal.Rptr.3d 1 (2015) (defendant did not expressly aim his conduct—posting defamatory comments about plaintiff on Facebook—at the forum because there was no evidence that "the Facebook page or the posting were directed at the State of California or a California audience" and indeed, the audience would "most likely would be spread all around the country—maybe even around the world—and not necessarily in the [California] forum").[4] *Nebel* is instructive. There, the plaintiff argued that the defendant did "something more" than making allegedly tortious social media posts—specifically, that defendant also emailed plaintiff (a known California resident). *Nebel*, 200 F. Supp. 3d at 986. The Court

---

[4] In *Burdick*, the court pointed to several other courts' decisions supporting the contention that allegedly defamatory online statements, which concern critics of a product sold in all 50 states, did not substantially connect the plaintiff to California for the purposes of personal jurisdiction. *See, e.g.*, *Griffis v. Luban*, 646 N.W.2d 527 (Minn.2002) (even though Minnesota defendant's online statements were "'intentionally directed' at the plaintiff, whom the defendant knew to be an Alabama resident, the evidence did not demonstrate the defendant's statements were 'expressly aimed' at the State of Alabama."); *Giduck v. Niblett*, 408 P.3d 856, 2014 WL 2986670, *6-7 (Colo.Ct.App.2014) (Relying on *Walden* to hold that Colorado courts lacked personal jurisdiction over non-Colorado residents who allegedly defamed Colorado plaintiffs on various web sites that did not focus on Colorado); *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir.2014) (Indiana courts lacked personal jurisdiction over nonresident defendant even though defendant sent "misleading 'email blasts' to a list that included Indiana residents); *Broadvoice, Inc. v. TP Innovations LLC*, 733 F.Supp.2d 219, 221–222 (D.Mass.2010) (Massachusetts courts lacked personal jurisdiction over Texas defendants who posted allegedly defamatory statements on public website about Massachusetts defendant, which included an open letter to plaintiff accusing it of illegal business practices).

6

1  rejected this expansive interpretation of personal jurisdiction, holding that defendant's emails did not create "an affiliation between Nebel and California, but rather, between Nebel and Plaintiff." *Id.* The court reiterated that the minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with [a plaintiff] who reside[s] there" and reaffirmed that that due process "requires that a defendant be haled into court in a forum State ***based on his own affiliation with the State***, not based on the 'random, fortuitous, or attenuated' contacts he makes by ***interacting with other persons affiliated with the State***." *Id.* (citing *Walden*, 134 S.Ct. at 1122-23) (emphasis added).

Plaintiffs claim that Mr. Stewartson "directed his attacks at Nevada" by maintaining "a personal crusade regarding the contentious 2020 Presidential election in Nevada." (ECF No. 50, p. 10:6-7.) Plaintiffs point exclusively to X posts Mr. Stewartson made in which he criticized "Caesar's Palace in Las Vegas for hosting the 'God & Country Patriot Double Down,'" called Mr. Patel's counsel "Trump's top election fraud lawyer," noted that Mr. Patel's counsel "is also the lawyer suing [him] for [General Flynn]" and claimed that Mr. Patel's counsel "had fake electors in Nevada trade for immunity to FLIP ON HIM TO JACK SMITH." (*Id.*, pp. 10:10 – 11:2.) If these X posts can be considered "interactions" at all, they are at most random and attenuated interactions with other persons and entities affiliated with Nevada, precisely the types of contacts insufficient to invoke personal jurisdiction.

Plaintiffs argue that "a defendant's actions must cause harm that defendant could reasonably foresee would be felt in the forum state" which they admit is a "necessary ***but not sufficient*** requirement to establish personal jurisdiction." (ECF No. 50, p. 9:22 – 25 (citing *Bancroft & Masters v. Augusta National, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (emphasis added).) Even before *Walden*, plaintiffs could not satisfy the "express aiming" standard by simply suggesting "a foreseeable effect" in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006). This reality has been applied over and over by courts in this circuit. *See, e.g.*, *Brown v. Does 1-20*, No. 3:25-CV-05256-LK, 2025 WL 1434892, at *3–4 (W.D. Wash. May 19, 2025) (conclusory allegation that defendants "transact business" in

Washington "by way of their interactive website and through their interactivity with ... Washington residents" insufficient for Washington courts to exercise personal jurisdiction).

Courts in this circuit have repeatedly found personal jurisdiction lacking under similar factual circumstances. *See Barkley & Assocs., Inc. v. Gregory Brunshidle, et al.*, No. CV 25-03576-MWF (JPRX), 2025 WL 2946906, at *4-5 (C.D. Cal. Sept. 10, 2025) (uploading allegedly infringing content to "an open YouTube website available to California residents" insufficient to confer personal jurisdiction on California courts where plaintiff proffered "no evidence to show that [defendant] posts or profits from California-specific advertisements" and no "evidence that [defendant's] channel was ever accessed from California."); *Beauchamp v. Muise*, No. CV-24-00861-PHX-GMS, 2024 WL 4364058, at *3 (D. Ariz. Oct. 1, 2024) (Arizona courts lacked personal jurisdiction over New Hampshire defendants who posted allegedly defamatory TikTok videos about plaintiff and defendants' only connection to Arizona was their "awareness that [plaintiff] resided in Arizona.") The bottom line is that, like in these cases, Mr. Stewartson's X posts about Plaintiffs, which are publicly available to anyone who can access the Internet, are insufficient to form a contact with Nevada. This Court thus lacks any arguable basis to assert personal jurisdiction over Mr. Stewartson, and dismissal is warranted.

### 2. The Claim Does Not Arise from Nevada-Related Activities.

Plaintiffs correctly note that to "establish personal jurisdiction, the claim at issue must arise from Defendant's activities related to the forum," *i.e.*, the cause of action would not have arisen but for the contacts between the defendant and the forum state. (ECF No. 50, p. 11:21-25 (citation omitted).) However, Plaintiffs provide scant argument (and zero evidence) to establish that Mr. Stewartson's posts are in any way related to Nevada. Instead, Plaintiffs attempt to tie Mr. Stewartson's communications to Nevada by claiming that he is engaging "in a vendetta against anyone who questioned the administration of the 2020 Presidential election in Nevada." (ECF No. 50, p. 12:1-4.) As explained above, this purported "vendetta" over the 2020 Presidential election in Nevada is insufficient to make Mr.

8

1  Stewartson's statements "purposefully directed" toward Nevada. This "vendetta" likewise
2  does not mean Plaintiffs' claims arise from "Nevada-related activities."
3    When courts have exercised personal jurisdiction in similar circumstances, they do
4  so only when the plaintiff—unlike Plaintiffs here—proffer evidence of "something more" to
5  link the defendant and the forum state. *See, e.g.*, *Factory Direct Wholesale, LLC v. Henglin*
6  *Home Furnishings Co.*, No. 2:24-CV-07118-CAS-PDX, 2025 WL 2145002, at *7 (C.D. Cal.
7  July 29, 2025) (exercising personal jurisdiction over Chinese defendant where defendant
8  "expressly aimed its activities toward California through its shipments to and relationships
9  with California-based consignees and logistics partners, including its subsidiary"); *Russell v.*
10 *Samec*, No. 220CV00263RSMJRC, 2020 WL 7048403, at *5 (W.D. Wash. Oct. 8, 2020),
11 *report and recommendation adopted*, No. 220CV00263RSMJRC, 2020 WL 7043592 (W.D.
12 Wash. Dec. 1, 2020) (exercising personal jurisdiction over Florida defendant who made
13 allegedly defamatory statements online which "included references to plaintiff living in and
14 doing business in Washington" and "identified plaintiff's Washington businesses by name,"
15 and where defendant "directly contacted Washington-based media companies … and
16 investors to intentionally interfere with plaintiff's attempt to secure funds to develop mineral
17 rights in Washington"); *Veracities PBC v. Strand*, No. 3:19-CV-1712-SI, 2020 WL 2415679,
18 at *5 (D. Or. May 12, 2020) (exercising personal jurisdiction over Arizona defendant who
19 posted allegedly infringing content online and also "solicited business in Oregon" and
20 entered into a contract with related Oregon businesses). Here, Plaintiffs have not shown (or
21 even alleged) that Mr. Stewartson has done "something more" to direct his conduct toward
22 Nevada than post on X about Plaintiffs.

  **3. Though Irrelevant, Exercising Jurisdiction Is Unreasonable.**

24   As Plaintiffs fail to meet their burden of demonstrating the first two factors above,
25 whether this Court's exercise of jurisdiction over Mr. Stewartson is "reasonable" is
26 irrelevant. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)
27 ("If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established
28 in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the

9

1 burden then shifts to the defendant to "present a compelling case" that the exercise of
2 jurisdiction would not be reasonable."). Regardless, Plaintiffs essentially ignore Mr.
3 Stewartson's arguments against reasonableness (ECF No. 42, pp. 13:4 – 14:28) and thus still
4 fail to demonstrate that exercising personal jurisdiction over Mr. Stewartson is reasonable.
5 Indeed, Plaintiffs' claims that Mr. Stewartson "demonized a profitable Nevada business,
6 Caesar's Palace, for being willing to do business with [his] enemies" and that Mr. Stewartson
7 posted, on August 20, 2025, that "Googly-eyed Kremlin bitch @FBIDirectorKash will have
8 to come back to Nevada for the trial where I explain in full detail to the judge why I was dead
9 serious when I said he's a 'chud.'" (ECF No. 50, p. 12:15-25) are simply irrelevant to whether
10 it is reasonable to hale Mr. Stewartson into a Nevada court. Far from some sort of legal
11 admission that he is subject to personal jurisdiction in Nevada, this alleged tweet is merely a
12 reference to non-attorney Mr. Stewartson's plans to challenge the default judgment and
13 defend this action on the merits. Personal jurisdiction in this Court is thus unreasonable.

### C. Adjudicating This Case on Its Merits Outweighs Finality.

15 Unlike the post-*Walden* case law supporting Mr. Stewartson's personal jurisdiction
16 argument, Plaintiffs at least acknowledge the existence of Mr. Stewartson's meritorious
17 defenses, if only to dismiss them as "irrelevant" based on this Court's previous, non-
18 adversarial examination of the *Eitel* factors. (ECF No. 50, p. 13:5-19.) The *Eitel* factors
19 overall weigh in favor of Mr. Stewartson. Most pertinent of these is another factor Plaintiffs'
20 opposition fails to address: the absolute lack of prejudice Plaintiffs will face from setting
21 aside their default judgment. As noted in the Motion (ECF No. 43, pp. 23:20 – 24:7), the
22 only thing Plaintiffs will lose is an unearned windfall default judgment. *See Lemoge v. United*
23 *States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm than simply
24 that relief would delay resolution of the case"); *see also Knoebber*, 244 F.3d at 701
25 ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes
26 of lifting a default judgment."). Unlike Mr. Stewartson, who currently cannot litigate this
27 matter on the merits, Plaintiffs will not lose any ability to present their evidence and
28

10

1  arguments to a factfinder, who could potentially return an even more favorable verdict than
2  the default judgment Plaintiffs obtained.

3  Even accepting Plaintiffs' unsupported argument that setting aside default
4  judgment "would weaken the important policy goal of prompt compliance with timeliness
5  requirements" (ECF No. 50, p. 13:22-23) that does not outweigh the important policy
6  interests undermined by keeping the default judgment in place: adjudicating cases on the
7  merits (especially when they involve free speech), preventing judgments from being obtained
8  through improper means, and ensuring that courts exercise personal jurisdiction consistently
9  with *Walden*.[5] Again, Mr. Stewartson moved expeditiously to retain counsel after learning
10 of the default judgment entered against him, which undermines any claim that Plaintiffs
11 would be prejudiced by vacating the default judgment. *See Al Cabrini v. Chou*, No.
12 220CV04518SVWAFM, 2020 WL 6417068, at *1–2 (C.D. Cal. Sept. 25, 2020) (vacating
13 default judgment where there was "a dispute about whether proper service occurred," the
14 defendant "moved to vacate the default judgment within a month of its entry" and the
15 "interest in a decision on the merits far outweighs the interest in finality…").

## IV.  CONCLUSION

The default judgment against Mr. Stewartson should be set aside and this matter dismissed for lack of personal jurisdiction. In the alternative, the default should be lifted, and Mr. Stewartson should have the full opportunity to defend himself and protect his First Amendment rights to criticize notorious government officials such as Mr. Patel and his eponymous company.

DATED this 30th day of October, 2025.

/s/ Leo S. Wolpert
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658

---

[5] *See Lemoge*, 587 F.3d at 1193 ("There are substantial reasons why the courts of appeals and the district courts should pay close heed to a standard that has been expressly set by the United States Supreme Court, and normally conform their analysis to it. National uniformity of federal law is a virtue in its own right.")