**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KASHYAP PATEL and the KASH FOUNDATION, INC., | Case No.: 2:23-cv-00873-APG-NJK |
| Plaintiffs | **Order (1) Denying in Part Defendant's Motion to Set Aside Default Judgment (2) Denying in Part Defendant's Motion to Dismiss, and (3) Ordering Supplemental Briefing** |
| v. | |
| JIM STEWARTSON, | [ECF Nos. 42, 43] |
| Defendant | |

Kashyap Patel and the Kash Foundation, Inc. sued Jim Stewartson for allegedly defamatory statements Stewartson made on Twitter (now, X) and Substack between June 2021 and May 2023. They brought claims for (1) defamation, (2) injurious falsehood, and (3) business disparagement. ECF No. 8 at 7-16. Stewartson did not defend against the suit, and I entered default judgment against him. ECF Nos. 40; 41. Stewartson now moves to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(4) and to dismiss the case for lack of personal jurisdiction under Rule 12(b)(2). ECF Nos. 42; 43. He argues that he was not properly served and that he does not have minimum contacts with Nevada.

I deny Stewartson's motions in part because he had actual notice of the suit and the plaintiffs substantially complied with Rule 4 to effectuate service. However, I order supplemental briefing on the issues of (1) which party bears the burden to prove whether minimum contacts exist on a motion to set aside a default judgment for lack of personal jurisdiction; (2) whether Stewartson had minimum contacts with Nevada to support personal jurisdiction in this case; and (3) what penalty, if any, should be entered against Stewartson if I set aside the default judgment.

# I.    ANALYSIS

Stewartson requests that I set aside the default judgment under Rule 60(b)(4).  He argues that I do not have personal jurisdiction over him because he was not properly served and because he did not have sufficient contacts with Nevada to establish specific jurisdiction.[1]

Rule 60(b) authorizes district courts to relieve parties from default judgments for several reasons.  Rule 60(b)(4) authorizes me to set aside a judgment if it is void.  However, "[a] judgment is not void, for example, simply because it is or may have been erroneous." *United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (simplified).  "Similarly, a motion under Rule 60(b)(4) is not a substitute for an appeal" and may only be granted "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 270-71.  "But the scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported." *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019).  In other words, "a judgment is void because of jurisdictional defect [only in the] exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds Inc.*, 559 U.S. at 271.

A Rule 60(b) analysis usually examines the factors from *Falk v. Allen*, namely, "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." 739 F.2d 461, 463 (9th

---

[1] Stewartson "remains free to challenge personal jurisdiction after a default judgment has been entered," until he "affirmatively waives his objection." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).  Stewartson raised his personal jurisdiction argument in his first appearance and therefore did not waive the issue.

Cir. 1984). However, I do not apply these rules in the context of Rule 60(b)(4) motions because those motions "differ[] markedly" from ones brought "under other clauses of Rule 60(b)." *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980) (quotation omitted), *overruled on other grounds by CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. 223, 235 (2025). When ruling on whether a judgment is void, I do not have my "normal discretion to grant or deny the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability [is] not proper." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007); *see also MetroPCS v. A2Z Connection, LLC*, No. 2:15-cv-01412-JAD-CWH, 2018 WL 3785384, at *5 (D. Nev. Aug. 9, 2018).

**A.  I deny in part Stewartson's motions because he received adequate service.**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed[eral] R[ule of] Civ[il] [P]rocedure 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation omitted). Rule 4(e)(2)(B) provides for service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," the serving party must substantially comply with the rule. *Crowley*, 734 F.3d at 975 (quotation omitted). Where a defendant moves to vacate a default judgment based on improper service of process and he "had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment," he "bears the burden of proving that service did not occur." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). This is a "substantial" burden, and "[a] signed return of service

3

constitutes prima facie evidence of valid service which can only be overcome only by strong and convincing evidence." *Id.* at 1166 (simplified).

Stewartson admits that he had actual notice of the suit. ECF No. 52 at 5. He has referenced the suit online multiple times on his X account and his blog. ECF No. 50-1 at 4, 6, 8, 10.[2] Therefore, Stewartson must show that the plaintiffs did not substantially comply with Rule 4.

The plaintiffs attempted service on Stewartson three times. Their first attempt was on June 15, 2023, at an address in Redondo Beach, California. ECF No. 14. The person who answered the door identified themself as the resident, said the subject of the complaint had moved, and slammed the door. *Id.* That same day, Stewartson first posted on X that the plaintiffs had sued him, and he attached a copy of an order I entered in the case.[3] ECF No. 50-1 at 4. Stewartson does not explain how he received actual notice of the suit if not through attempted service on June 15, 2023. He also does not claim that he was not the person who opened the door.

The plaintiffs attempted service a second time in July 2023, at an address in Manhattan Beach, California. ECF No. 15. The address was vacant. *Id.* The third and final attempt was in October 2023 at the same Redondo Beach address as the first attempt. ECF No. 19. The process server signed an affidavit claiming to serve an adult "John Doe" who said that he resided at that address with Stewartson. *Id.* Stewartson denies having lived with a male roommate at the

---

[2] The plaintiffs cite a link to Stewartson's blog post titled "*FBI Director Nominee Kash Patel Sued Me: Here's Why It Matters*" and Stewartson does not deny making this post. ECF No. 50 at 6.

[3] The plaintiffs state that June 15, 2023 was the earliest post that Stewartson made in reference to the lawsuit, and Stewartson does not deny this. ECF No. 50 at 5.

Redondo Beach address or any other address, but he does not deny living at the Redondo Beach address at the time of the service attempts. ECF No. 43-1 at 2.

Stewartson does not state that he did not receive service on June 15, 2023.  And although the process server's signed affidavit in October may have been defective because he left the summons and complaint with a person who, according to Stewartson, did not reside at the address, the plaintiffs substantially complied with Rule 4 by delivering it to Stewartson's address and leaving it with an adult who said he lived with Stewartson.  Stewartson had actual notice of the suit on the day the plaintiffs first attempted service as shown by his social media post that same day, and Stewartson does not deny living at the Redondo Beach address at the time of those two service attempts.  Therefore, he has not met his burden to show strong and convincing evidence that he was not served as a result of the plaintiffs' substantial compliance with Rule 4 and his actual notice of the suit.

**B.  I order supplemental briefing on the issues of (1) which party bears the burden on the personal jurisdiction issue in this context; (2) whether there were minimum contacts to support personal jurisdiction; and (3) what penalty, if any, Stewartson should suffer if I set aside the judgment.**

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Nevada's longarm statute is co-extensive with federal standards, so I may exercise personal jurisdiction if doing so comports with federal constitutional due process. Nev. Rev. Stat. § 14.065(1); *Walden v. Fiore*, 571 U.S. 277, 283 (2014).  Generally, the plaintiff bears the burden to establish personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  However, it is not clear which party bears the burden of proving whether minimum

contacts existed to support personal jurisdiction in the context of a Rule 60(b)(4) motion to set aside the judgment where the defendant had actual notice of the suit before default judgment was entered.

A defendant who had actual notice but delayed in filing a motion until after entry of default judgment bears the burden to prove whether service occurred. *Internet Sols. for Bus. Inc.*, 509 F.3d at 1165. However, the Ninth Circuit has not yet decided which party bears the burden to prove whether a defaulting defendant had minimum contacts sufficient to establish personal jurisdiction in the same circumstance. In *Thomas P. Gonzalez Corporation v. Consejo Nacional de Produccion de Costa Rica*, the Ninth Circuit held that the party moving to set aside a default judgment based on lack of personal jurisdiction need not show that he has a meritorious defense and stated that "[e]ither a judgment is void or it is valid." 614 F.2d at 1256 (quotation omitted). However, *Gonzalez* does not necessarily indicate that the plaintiff should always bear the burden of showing there are minimum contacts where the defendant had actual notice of the suit and did not defend against default judgment.

In *Gonzalez*, the defendant had actual notice, did not respond, and the court entered default judgment. *Id.* at 1250. The defendant later moved to set aside the default judgment and to dismiss for lack of personal jurisdiction. *Id.* The Ninth Circuit seemed to place the burden of proving minimum contacts to establish personal jurisdiction on the plaintiff. *Id.* at 1254 ("[The plaintiff] has not established a systematic and continuous course of business . . . which would justify general jurisdiction."). The court did not discuss the burden of proof, and it appears from the opinion that it was not a litigated issue. However, the Ninth Circuit in *Internet Solutions* placed the burden on the defendant to show improper service of process, and that reasoning would also seem to support placing the burden on the defendant to show there were not

minimum contacts. 509 F.3d at 1165-66. *Internet Solutions* reasoned that it "comports with general principles of fairness" that a "defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay." *Id.* at 1166. *Internet Solutions* also noted that a defendant seeking to set aside a judgment under Rule 60(b) usually has "the burden of proving that he is entitled to relief." *Id.* So in this specific context, *Internet Solutions* changes the usual rule that the "plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). That may indicate a willingness to also change the usual burden for the plaintiff to show minimum contacts to establish personal jurisdiction.

Circuit courts are divided on this issue. *See Supastrip Inc. v. Hindustan Adhesives Ltd.*, No. 3:24-cv-765, 2026 WL 147011, at *2-3 (E.D. Va. Jan. 20, 2026) (describing the circuit split). The Eleventh Circuit places the burden of establishing minimum contacts on the plaintiff. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 (11th Cir. 2009). The Eleventh Circuit appears to impose no consequence on the defendant who had actual notice of the suit but nevertheless waited until after the court entered a default judgment to challenge personal jurisdiction. The Seventh Circuit found that in such a circumstance, the defendant should bear the burden of proof on whether sufficient minimum contacts support personal jurisdiction. *Bally Export Corp. v. Balicar, Ltd.*, 804, F.2d 398, 402 (7th Cir. 1986).[4]

---

[4] District courts in the Ninth Circuit have varied in assigning the burden of proof for minimum contacts in a Rule 60(b)(4) motion to set aside. *See Stross v. NextLuxuryDotCom LLC*, No. 2:21-cv-01181-JVS (AFMx), 2021 WL 6425542, at *1 (C.D. Cal. Nov. 17, 2021); *Aries Music Ent., Inc. v. Angelica's Rec. Distrib., Inc.*, No. CV1000782RGKJEMX, 2011 WL 13143716, at *2-3 (C.D. Cal. Mar. 14, 2011); *MetroPCS*, 2018 WL 3785384, at *6.

Stewartson cites authority holding that the plaintiff has the burden to prove jurisdiction, but these cases were not decided in the context of a Rule 60(b)(4) motion to set aside for lack of jurisdiction where the defendant had actual notice of the suit but waited until after default judgment was entered before raising the issue. *See CollegeSource, Inc.*, 653 F.3d at 1073. The plaintiffs do not discuss which party bears the burden in these circumstances. And neither party addresses what penalty, if any, a defaulting defendant with actual notice of the suit should face if he waits until after default judgment is entered before raising the personal jurisdiction issue. Therefore, I order supplemental briefing on the issues of (1) which party bears the burden to prove whether minimum contacts existed on a motion to set aside a default judgment based on lack of personal jurisdiction when a defendant had actual notice of the suit but waited until after default judgment to defend; (2) whether there were minimum contacts to support personal jurisdiction; and (3) what penalty, if any, should Stewartson suffer if I set aside the judgment.

**II.      CONCLUSION**

I THEREFORE ORDER that Jim Stewartson's motion to set aside the default judgment **(ECF No. 43) is DENIED IN PART.**

I FURTHER ORDER that Jim Stewartson's motion to dismiss **(ECF No. 42) is DENIED IN PART.**

I FURTHER ORDER the parties to submit supplemental briefing, limited to ten pages, on the issues identified above per the following schedule: (1) the parties' simultaneous opening briefs are due May 4, 2026 and their (2) simultaneous response briefs are due May 18, 2026.

DATED this 19th day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE