MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Defendant Jim Stewartson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KASHYAP P. PATEL, individually and on behalf of the KASH FOUNDATION, INC., the KASH FOUNDATION, INC. an Idaho Corporation,

               Plaintiffs,

        vs.

JIM STEWARTSON, an individual,

          Defendant.

**Case. No.: 2:23-cv-873-APG-NJK**

**DEFENDANT JIM STEWARTSON'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF (ECF NO. 54)**

Defendant JIM STEWARTSON, by and through his counsel of record, hereby responds to Plaintiffs' Supplemental Brief (ECF No. 54) in compliance with this Court's April 19, 2026, Order. (ECF No. 53.)  This brief is supported by the attached memorandum of points of authorities, all exhibits and declarations submitted therewith, and any oral argument that the Court may entertain at hearing.

DATED this 18th day of May, 2026.

               */s/ Leo S. Wolpert*
               Margaret A. McLetchie, Nevada Bar No. 10931
               Leo S. Wolpert, Nevada Bar No. 12658
               602 South Tenth Street
               Las Vegas, NV 89101
               Telephone: (702) 728-5300; Fax: (702) 425-8220
               Email: maggie@nvlitigation.com
               *Counsel for Defendant Jim Stewartson*

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case is not like the cases in which other circuits have found that a defendant should bear the burden of establishing minimum where the defendant had actual notice of the suit and did not defend against default judgment. No matter who has the burden of establishing personal jurisdiction (or lack thereof), this Court lacks personal jurisdiction. While Plaintiffs may have made a *prima facie* showing that Defendant Jim Stewartson had actual notice of this lawsuit (although he was not, in fact, personally served and did not know he had been served[1]), they fail to undercut that Mr. Stewartson did not had minimum contacts with Nevada sufficient for the court to have personal jurisdiction over Plaintiffs' claims. *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) forecloses Plaintiffs' theory of personal jurisdiction. Under *Walden*—which Plaintiffs cannot ignore—simply criticizing Plaintiffs on the internet does not suffice. The Court should set aside default judgment and do so without imposing any sanctions upon Mr. Stewartson as a condition of doing so. Even if Plaintiffs had adequately supported their putative request for attorney's fees or a bond—which they have not—this matter is a far cry from the extraordinary circumstances in which other courts have chosen to impose sanctions as a condition of setting aside default. This Court should thus grant Mr. Stewartson's Motions.

**II.     LEGAL ARGUMENT**

    **A.     Plaintiffs Should Bear the Burden of Proving Minimum Contacts.**

Keeping the burden on the plaintiff to establish personal jurisdiction supports fairness, particularly on the facts of this case. To support the contrary contention, Plaintiffs argue that Mr. Stewartson's "conduct epitomizes the strategic default that *Internet Solutions* sought to deter." (ECF No. 54, p. 2:18.) *Internet Solutions* is distinguishable in multiple respects and in fact shows why the burden should remain on plaintiffs here. First, the defendant in that matter, Lawrence Shaw, moved to set aside the default judgment ***more than three and a half years*** after it was entered against him. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161,

---

[1] (*See* ECF No. 55-1, ¶¶ 3-9.)

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

1163 (9th Cir. 2007). Here, Mr. Stewartson retained counsel and moved to set aside the default judgment just *one month* after default judgment was entered. Second and relatedly, the *Internet Solutions* court held that Shaw was time-barred from asserting the default judgment should be set aside under FRCP 60(b)(1) or (3). *Id.* at 1165.[2]

Third, and perhaps most importantly, the *only* argument Shaw had that Nevada courts lacked personal jurisdiction over him was that he was not properly served, which he supported with dubious and contradictory claims. *Internet Solutions*, 509 F.3d at 1166-67. Here, not only are Mr. Stewartson's claims regarding lack of service are far more credible than Shaw's, Mr. Stewartson has another basis to contest this Court's personal jurisdiction over him: *he lacks minimum contacts* with Nevada.[3]

Despite Plaintiffs' efforts to distort the facts, this case does not reflect gamesmanship on Mr. Stewartson's part. As explained in Mr. Stewartson's declaration, Mr. Stewartson did not learn of the existence of this lawsuit through being served (ECF No. 55-1, ¶ 4), did not believe service was properly effectuated upon him such that this Court had jurisdiction over him (*id.*, ¶¶ 5-7), was forced to conserve his limited resources to defend not only against this lawsuit but a similar suit filed against Mr. Stewartson by General Michael Flynn (*id.*, ¶ 9), and moved extremely quickly to set aside the default judgment once he learned of its existence. (*Id.*, ¶¶ 10-11.) In light of Plaintiffs' failure to take any action in the case for nearly fifteen months after the Court ordered entry of default on December 22, 2023 (ECF No. 21), Plaintiffs' claim that Stewartson "cannot now demand that Plaintiffs reconstruct, years after the fact, a jurisdictional record he could have tested at any time…" (ECF No. 54, p. 2:21-23) rings entirely hollow.

Moreover, the context of this case cannot be ignored. FBI Director Patel— one of

---

[2] Regarding his entitlements to relief under FRCP 60(b)(1) and (3), Mr. Stewartson does not have this issue. *See* FRCP 60(c)(1) (motions under FRCP 60(b)(1)-(3) must be made within year of entry of judgment).

[3] In *Internet Solutions*, Shaw did not even attempt to argue that he—the "founder, president, chief executive officer, and largest shareholder" of a Nevada corporation (*id.* at 1163)— lacked "minimum contacts" with Nevada. (*See* **Exhibit A** [Shaw Motion].)

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

the most powerful people in the world—seeks to monetarily punish a critic; Plaintiffs should not be excused from meeting their burden of establishing that this Court has jurisdiction to serve as a vehicle for such efforts. Under post-*Walden* personal jurisdiction jurisprudence, the Court should not ignore that Plaintiffs offer no evidence that Mr. Stewartson had any, let alone minimum, contacts with Nevada to give this Court personal jurisdiction over Plaintiffs' claims. Thus, the burden of proving minimum contacts should remain on Plaintiffs, and as they have utterly failed to meet it, default should be set aside and this matter dismissed.

**B.      Regardless of Which Party Bears the Burden of Proof, Minimum Contacts Do Not Exist to Support Personal Jurisdiction.**

In arguing that Mr. Stewartson has "minimum contacts" with Nevada, Plaintiffs tellingly cite to *zero* cases that post-date the Supreme Court's 2014 decision in *Walden v. Fiore*. (*See generally* ECF No. 54, pp. 3:15 – 8:23.) That is because—as amply demonstrated in Mr. Stewartson's previous briefs—*Walden* plainly forecloses any notion that Mr. Stewartson has minimum contacts with Nevada regarding Plaintiffs' claims sufficient for this court to exercise personal jurisdiction over him. The Court should reject Plaintiffs' bald-faced attempts to pretend applicable precedent does not exist. *See Gummere v. Smith*, No. CV-14-02105-TUC-BPV, 2015 WL 13759955, at *19 (D. Ariz. Aug. 4, 2015) (granting motion to dismiss for lack of personal jurisdiction where plaintiff "made no effort to discuss or distinguish *Walden* and his reliance on cases pre-dating *Walden* do not aid his attempt to make a prima facie showing of specific personal jurisdiction"). Regardless, Mr. Stewartson has met his burden of establishing that he lacks minimum contacts with Nevada, and this Court should set aside default on this basis.

**1.      "Purposeful Direction" Toward Nevada.**

Plaintiffs' reliance on *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) and *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) for the proposition that "operating even a passive website in conjunction with 'something'—conduct directly targeting the forum—is sufficient to confer personal jurisdiction" is misplaced. (ECF No. 54, p. 4:13-18.) Several courts have called into question whether these holdings are valid post-*Walden*. *See, e.g.*, *Life360, Inc. v. Advanced Ground*

3

*Info. Sys., Inc.*, No. 15-CV-00151-BLF, 2015 WL 5612008, at *7 (N.D. Cal. Sept. 21, 2015) ("it is unclear whether *Rio* remains good law after *Walden*"); *Valve Corp. v. Zaiger, LLC*, No. 2:23-CV-01819-JHC, 2024 WL 3917194, at *8 (W.D. Wash. Aug. 20, 2024) ("reliance on [*Panavision*]—a case that precedes *Walden* by more than 15 years—is not compelling").

Of course, even if *Rio Properties* and *Panavision* were good law after *Walden*, Plaintiffs utterly fail to show "something more" sufficient to confer personal jurisdiction over Mr. Stewartson upon this Court. They have done nothing more than demonstrate that Mr. Stewartson made posts to a passive website which were viewable by persons in Nevada (and the rest of the world), which is plainly insufficient. *See Bellagio, LLC v. Bellagio Car Wash & Exp. Lube*, 116 F. Supp. 3d 1166, 1173 (D. Nev. 2015) (no personal jurisdiction in Nevada where defendants operated passive website listing California business address but did "not advertise to Nevada residents beyond offering a general coupon available to any customer."). Nor do Plaintiffs' alleged Nevada citizenship confer personal jurisdiction on this court. *See Prevail Legal, Inc. v. Gordon*, No. 20-CV-07173-BLF, 2021 WL 1947578, *7 (N.D. Cal. May 14, 2021) (plaintiffs' "cloud-based platform that targets the legal industry at large"—analogous to Mr. Patel's and his eponymous corporation which, as FBI Director, targets America at large—insufficient to establish "something more").

As discussed at length in Mr. Stewartson's previous briefs, Plaintiffs' allegations of "purposeful direction"—that Mr. Stewartson "knew" harms would be felt in Nevada because Plaintiffs are Nevada residents (ECF No. 54, pp. 4:23 – 6:7)—fall far short of what is required post-*Walden*. *See* ECF No. 42, pp. 7:24 – 11:26; ECF No. 52, pp. 5:15 – 8:17; ECF No. 55, pp. 6:4 – 8:2; *see also Kabbara v. Design Sols. & Integration, Inc.*, No. 820CV01207JLSDFM, 2020 WL 12707985, at *5 (C.D. Cal. Dec. 28, 2020) (California courts had personal jurisdiction over South Dakota company where California plaintiff alleged company induced him to change jobs under false pretenses). As Mr. Stewartson has adequately demonstrated that he did not purposefully direct his activities toward Nevada, this Court lacks personal jurisdiction over Plaintiffs' claims against him.

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

### 2.    Defendant's "Nevada-Related Activities."

Plaintiffs claim, without even citation to their Complaint, that they have established that "but for" the contacts between Mr. Stewartson and Nevada, Plaintiffs' claims against him would not have arisen because this "case is based entirely on Defendant's statements that caused Plaintiffs' harm in Nevada." (ECF No. 54, p. 6:12-16 (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995)).) Again, as explained at length in Mr. Stewartson's previous briefs, precedent and due process require "that a defendant be haled into court in a forum State ***based on his own affiliation with the State***, not based on the 'random, fortuitous, or attenuated' contacts he makes by ***interacting with other persons affiliated with the State***." *Sec. Alarm Fin. Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 985 (N.D. Cal. 2016) (citing *Walden*, 134 S.Ct. at 1122-23) (emphasis added); *see also* ECF No. 42, pp. 12:1 – 13:2; ECF No. 52, pp. 8:18 – 9:22. As Plaintiffs' claims of "but-for" causation are based exclusively on their own—not Mr. Stewartson's—Nevada-related activities, they utterly fail to establish this Court's personal jurisdiction over Mr. Stewartson. As argued at length, this is insufficient to rebut Mr. Stewartson's evidence that his activities were not, in any meaningful way, related to Nevada.

### 3.    Reasonableness Factors.

In their Supplemental Brief, Plaintiffs essentially regurgitate the reasonableness factors they set forth in their Motion for Default Judgment. (*Compare* ECF No. 54, pp. 6:18 – 8:10 *with* ECF No. 30, pp. 19:15 – 21:17.) Mr. Stewartson has already addressed these arguments. (*See* ECF No. 42, pp. 13:3 – 14:28.) As Mr. Stewartson has previously noted, the Court need not even reach the reasonableness factors, as Plaintiffs have failed to demonstrate minimum contacts under the above two factors. (*See* ECF No. 52, pp. 9:23 – 10:4.)

Plaintiffs point to an alleged X post—in which Mr. Stewartson said "Googly-eyed Kremlin bitch @FBIDirectorKash will have to come back to Nevada for the trial where I explain in full detail to the judge why I was dead serious when I said he's a 'chud'"—for the proposition that Mr. Stewartson "understands he is liable in Nevada" for the purposes of minimum contacts. (ECF No. 54, p. 8:12-16.) However, Plaintiffs admit this post was made

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

on ***August 20, 2025***, which is ***after*** Mr. Stewartson learned of the default judgment entered against him. Far from an acknowledgment of this Court's personal jurisdiction over him, Mr. Stewartson's X post reflects an intent to have the default judgment set aside and litigate this matter on the merits. Thus, this Court's exercise of personal jurisdiction over Mr. Stewartson in this matter is not reasonable.

### C.     Mr. Stewartson Should Suffer No Penalties.

In assessing both whether to set aside default judgment and whether to impose penalties on Mr. Stewartson as a condition of doing so, this Court should bear in mind Rule 60's remedial nature and liberal application, as well as the strong presumption for cases to be "decided on the merits whenever possible, and any doubts should be resolved in favor of granting a motion to set aside default." *See, e.g., Bravado Int'l Merch. Servs., Inc. v. Jin Cha*, No. CV 09-9066 PSG (CWX), 2010 WL 11597492, at *1 (C.D. Cal. June 4, 2010) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *Yellen v. Richardson*, No. 08-CV-86-JLS (LSP), 2008 WL 11337206, at *1 (S.D. Cal. Oct. 28, 2008) (notwithstanding the Court's displeasure with Defendants' failure to appear despite actual knowledge of the suit, "the Ninth Circuit's stated preference for adjudication on the merits heavily favors allowing the previous order vacating default judgment to stand."). Upholding these principles requires that this Court both set aside the default judgment and do so without imposing ***any*** penalties upon Mr. Stewartson, much less a bond or the unreasonable, unsupported attorney's fees Plaintiffs request: as Plaintiffs recognize, Mr. Stewartson has limited funds.

Moreover, not only would issuing prohibitive penalties (or requiring a bond) conflict with the general policy favoring resolution on the merits, it would be especially inappropriate to require a bond or payment of fees and costs before affording Mr. Stewartson the opportunity to defend himself against the claims that seek to punish him monetarily for criticizing someone at the apex of governmental power (and thereby, to silence him).

### 1.     This Matter Is Unlike Those Where Fees Are Appropriate.

Plaintiffs rely upon *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v.*

6

*Louisiana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988) for the proposition that this Court should require Mr. Stewartson to pay Plaintiffs' attorney's fees or post a bond as a condition of setting aside the default judgment. (*See generally* ECF No. 54, p. 9:3-26.) While the Court has discretion to set conditions on setting aside default judgment, the circumstances of *Nilsson* are starkly different from the instant ones. First, the nature of the underlying dispute: there, the plaintiff law firm straightforwardly sued defendant corporation for nonrepayment of $41,119.58 in legal fees—indeed, the district court initially denied defendant's motion to vacate default because they did not even bother to provide sworn evidence of a meritorious defense. *Nilsson*, 854 F.2d at 1540-41. Here, by contrast, the sitting FBI Director is launching a frivolous SLAPP suit to punish Mr. Stewartson for exercising his First Amendment right to criticize him on the Internet—claims to which Mr. Stewartson has raised ample meritorious defenses. (*See* ECF No. 42, pp. 17:16 – 23:18.) And unlike here, there was no dispute in *Nilsson* that the court had personal jurisdiction over defendants or that service had been properly effectuated. *Id.*

Second, defendants' conduct in *Nilsson* went far beyond failing to answer a complaint under the belief that the court lacked personal jurisdiction for lack of service, as Mr. Stewartson did here. There, "defendants repeatedly refused to conform to the Local Rules and the Federal Rules of Civil Procedure" and "[d]efaults, orders to compel defendants to comply with discovery rules and prior court orders, and monetary sanctions did not alleviate this behavior." *Id.* at 1541. Relatedly, the *Nilsson* court noted that this discovery abuse caused "impermissible prejudice" that would "not be condoned." *Id.* Here, Plaintiffs would not suffer any prejudice by being forced to litigate their lawsuit on its "merits." (*See* ECF No. 42, pp. 23:19 – 24:7; ECF No. 52, pp. 10:15 – 11:2.)

Courts have emphasized the extreme circumstances of *Nilsson* in declining to condition setting aside default on payment of attorney's fees in circumstances more similar to the instant case. *Bravado Int'l Merch. Servs.* is directly on point. There, the defendant claimed that it did not timely respond to a complaint because its "in-house counsel believed that the complaint had not been properly served." 2010 WL 11597492, *2. The Court set

aside default without imposing sanctions, noting that plaintiff "failed to present any compelling analogies to the facts of *Nilsson*." *Id.* at *3. *See also Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 675 (D. Haw. 2008) (vacating fee award of $3,642.42 where defaulting party's "actions were not sufficiently egregious to warrant such a sanction" under *Nilsson* standard); *Food Tech. & Design, LLC. v. Borceguin*, No. 2:18-CV-2300-RGK-SK, 2018 WL 6321652, at *1 (C.D. Cal. Nov. 8, 2018) (denying request for $10,000 in attorney's fees for "Defendants' procedural oversights, such as failing to timely respond to the Complaint and having filings stricken for failure to comply with the Local Rules"); *Brighton Collectables, LLC v. IPPO Jewelry Corp.*, No. CV 16-06065-AB (JEMX), 2017 WL 11631213, at *4, n. 1 (C.D. Cal. Oct. 4, 2017) (conditioning setting aside default on payment of attorney's fees "not appropriate where there is no prejudice to be remedied."); *Anderson v. The Hain Celestial Grp., Inc.*, No. SACV 13-1747-DOC ANX, 2014 WL 2967603, at *6 (C.D. Cal. July 1, 2014) (refusing to condition setting aside default upon the payment of attorney's fees where default was caused by defendant's attorney's calendaring errors).

Additionally, courts have refused to award attorney's fees where the plaintiff—as Plaintiffs have here—further extended the proceedings, by, for instance, forcing the Court to issue an Order to Show Cause for why the matter should not be dismissed for failure to prosecute by waiting over a year to seek default judgment after the court entered default (ECF No. 29). *See Ward v. Amazon.com Servs. LLC*, No. C25-1671-KKE, 2025 WL 3537607, at *4-5 (W.D. Wash. Dec. 10, 2025) (denying plaintiff's request for fees where plaintiff "himself has in some ways further extended these proceedings"). Finally, when courts impose conditions on setting aside default, they do so in a way that advances the objective of resolving the matter on its merits. *See, e.g.*, *Resorts World Las Vegas LLC v. Rock Fuel Media, Inc.*, No. 221CV02218JADVCF, 2023 WL 8775287, at *4 (D. Nev. Dec. 18, 2023) (conditioning setting aside default on defendant finding "counsel willing to represent it on the merits of its claims"). Here, Mr. Stewartson has already retained counsel and intends on contesting this matter on its merits. Thus, the imposition of fees is unwarranted here.

### 2.   Plaintiffs' Requested Fees Are Unsupported and Unreasonable.

Plaintiffs request a lodestar[4] fee award of $45,640 for the 162.9 hours of work allegedly billed between August 5, 2025, and May 3, 2026, at rates between $125 and $700 per hour. (ECF No. 54, p. 9:17-18; ECF No. 54-1, ¶¶ 4-9.) The party seeking fees "has the burden of **submitting billing records** to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (emphasis added). Plaintiffs utterly fail to meet their burden of demonstrating the requested fees are reasonable, as they fail to submit any billing records at all, let alone contemporaneous billing records.[5] Not only does this deprive Mr. Stewartson the opportunity to meaningfully contest the requested award, it deprives the Court of a sufficient evidentiary basis for *any* award. This falls far short of what is demanded by precedent and this Court's rules.[6] This Court should decline to impose any fees as a condition of setting aside the default judgment.

### 3.   Requiring a Bond Is Not Appropriate Here.

Plaintiffs argue that a $250,000 bond is warranted "to ensure Plaintiffs' payment of their attorney's fees, and also to … secure the amount of the default judgment that would then be owed" if they were to prevail on a hypothetical appeal. (ECF No. 54, p. 9:5-9.) Putting aside the propriety of requesting a *supersedeas* bond without an appealable order (let alone a notice of appeal), Plaintiffs' request is insufficiently supported. The only "evidence" they

---

[4] "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (**as supported by adequate documentation**) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (emphasis added).

[5] "As a matter of best practice, contemporaneous timekeeping is the most reliable method, as it prevents overbilling clients and unwarranted fee-shifting requests." *Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *3 (D. Ariz. July 1, 2020).

[6] *See* LR 54-14(a)(1) (fees motions must contain a "reasonable itemization and description of the work performed"); LR 54-14(a)(3) (fees motions must provide brief summary of 13 enumerated factors); LR 54-14(b) (fees motion must be accompanied by affidavit which, *inter alia*, confirms that the "bill was reviewed and edited"); LR 54-14(c) ("Failure to provide the information required by subsections (a) and (b) … may be deemed a consent to the denial of the motion.").

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

present that Mr. Stewartson may not be able to satisfy the judgment against him is that he described himself as a "broke blogger" online. (*Id.*, p. 9:9-11.) Yet, in the very same brief, Plaintiffs repeatedly claim Mr. Stewartson is "fundraising" off his protected speech and the litigation that Plaintiffs (and their political allies) pursued ***against him***. (*Id.*, pp. 2:20, 7:4.) Plaintiffs cannot have it both ways, and of course Mr. Stewartson is entitled to seek funding to defend himself against this frivolous lawsuit.

Regardless, Plaintiffs' effort to obtain a bond is especially inappropriate in light of the early stage of the proceedings, the heavy legal burdens Plaintiffs must surmount to get relief on their claims (such as actual malice and damages), and Mr. Stewartson's very meritorious defenses. Indeed, Plaintiffs never came forward with real evidence of damages, instead proffering an "expert report" that justifiably drew skepticism from the Court. (*See* ECF No. 40, pp. 1:19 – 2:8.) The Court should thus not impose a bond on Mr. Stewartson.

## III.    CONCLUSION

The important issues at stake—resolution of matters on their merits, particularly matters arising from a defendant's exercise of his First Amendment rights to criticize the government—militate toward setting aside default judgment against Mr. Stewartson, dismissing Plaintiffs' lawsuit for want of personal jurisdiction, and doing so without imposing any penalties (such as attorney's fees, costs, or a bond) on Mr. Stewartson as a condition thereof.

DATED this 18th day of May, 2026.

*/s/ Leo S. Wolpert*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

| INDEX OF EXHIBITS TO RESPONSE TO SUPPLEMENTAL BRIEF | |
|---|---|
| **EX.** | **DESCRIPTION** |
| A | Lawrence Shaw's August 8, 2025, Motion to Set Aside Default Judgment in *S.E.C. v. Internet Solutions for Business, Inc.*, USDC District of Nevada, Case No. 2:01-cv-00225 |
| | |