# EXHIBIT A
# [Lawrence Shaw's August 8, 2025, Motion to Set Aside Default Judgment in S.E.C. v. Internet Solutions for Business, Inc., USDC District of Nevada, Case No. 2:01-cv-00225]

# ORIGINAL

**MSAD**
DAVID C. AMESBURY, ESQ.
Nevada Bar No. 3889
LAW OFFICES OF AMESBURY & SCHUTT
703 So. Eighth Street
Las Vegas, NV 89101
702/385-5570

Attorneys for Defendant,
LAWRENCE SHAW

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION, )
)
                  Plaintiff, )  Case No.: CV-S-01-0225-DWH-PAL
)
vs. )
)
INTERNET SOLUTIONS FOR BUSINESS, INC.: )
and LAWRENCE SHAW, )
)
                Defendants. )
)

## MOTION TO SET ASIDE DEFAULT JUDGMENT

COMES NOW Defendant, LAWRENCE SHAW (hereinafter "SHAW"), by and through his counsel, DAVID C. AMESBURY, Esq. of the law firm of AMESBURY & SCHUTT, and hereby moves this Honorable Court to set aside the Default Judgment against SHAW due to the fact that service of the Summons and Complaint in this case were improper, as set forth herein.

...

...

...

...

...

...

...

This Motion is made and based upon the pleadings and papers on file in this matter, the attached Memorandum of Points and Authorities, the Affidavits attached hereto, and any oral argument the Court may entertain at the time of hearing this matter.

DATED this 26th day of August, 2005.

AMESBURY & SCHUTT

By_____
DAVID C. AMESBURY, Esq.
Nevada Bar No. 3889
703 So. Eighth Street
Las Vegas, Nevada 89101
Attorneys for Defendant, SHAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY

The "FINAL JUDGMENT GRANTING PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT LAWRENCE SHAW" entered herein on or about the 18th day of January, 2002, against Defendant, SHAW, herein must be set aside. Copies of the Affidavit of Service dated May 24, 2001, the Summons dated February 28, 2001, the Civil Cover Sheet dated February 27, 2001, the Complaint dated February 27, 2001, the Application for Entry of Default Against Lawrence Shaw dated June 26, 2001, the Clerk's Entry of Default dated June 29, 2001, Plaintiff's Motion for Default Judgment Against Defendant Lawrence Shaw dated June 26, 2001 with attached exhibits, the Order dated July 6, 2001, Plaintiff's Application in Support of Entry of Final Judgments Against Defendants Internet Solutions for Business, Inc. and Lawrence Shaw and for Awarding Civil Penalty Against Lawrence Shaw with attached exhibits, dated November 29, 2001, and the Final Judgment Granting Permanent Injunction and Other Relief as to Defendant Lawrence Shaw, are attached hereto and incorporated herein by reference as though fully set forth at this point. Defendant, SHAW, should be permitted to defend himself in this matter for the following reasons: (1) Plaintiff improperly served the Summons and

2

Complaint in this case, (2) SHAW was not personally served with Summons and Complaint herein, and (3) NRCP 60 permits Default Judgments to be set aside.

SHAW immediately instructed his professional advisers in the United Kingdom to contact lawyers in Nevada upon learning of the existence of the Default entered against him entered herein on or about the 18th day of January, 2002. The Default and the resulting Final Judgment Granting Permanent Injunction and Other Relief as to Defendant Lawrence Shaw in this case should be set aside. Defendant, SHAW. should be permitted to defend on the merits of this case.

## II.

## FACTS

On or about February 28, 2001, Plaintiff filed a Complaint against Defendants. Internet Solutions For Business, Inc. and SHAW. After filing the Complaint, Plaintiff employed a process server, i.e., Keith Johns of 1 Oakwood Parade. Bramley Road. London, N14 4HY. in the County of Greater London, to serve the Summons and Complaint on Defendant. SHAW. The Affidavit of Service signed by Keith Johns before a Notary Public, states that:

> 1. THAT I am a person employed by United States Securities and Exchange Commission, Fort Worth District Office, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, the Plaintiff and that I am over sixteen years of age.

> 2. THAT I did on Monday the 14th day of May 2001 serve the above-named Second Defendant, Lawrence Shaw, with a Summons dated the 28th day of February, 2001, Complaint and Civil Cover Sheet, by handing the same to him personally at Internet Solutions for Business Limited, Internet House, Canal Basin, Coventry, West Midlands, United Kingdom.

The process server, Keith Johns, could not have personally served Defendant, SHAW, with the Summons and Complaint by "handing the same to him personally at Internet Solutions for Business, Limited, Internet House, Canal Basin, Coventry, West Midlands, United Kingdom" due to the fact that SHAW was in London, United Kingdom, on May 14, 2001, attending a business meeting. Attached hereto and incorporated herein by reference. please refer to a copy of a page from SHAW's business calendar which shows under the entry for "14/05/2001 - 11:00

3

- Meeting Held - Graham-his office" that SHAW was not at the address where he was allegedly served with process on May 14, 2001. Furthermore, Defendant, SHAW, states in his Affidavit attached hereto and incorporated herein by reference that he was attending a business meeting in London, United Kingdom, on that date.

On or about June 26, 2001, Plaintiff filed its Application for Entry of Default Against Lawrence Shaw, and its Motion for Default Judgment Against Defendant Lawrence Shaw, and thereafter, on or about June 29, 2001, the Clerk's Entry of Default against Defendant, SHAW, was filed. On or about July 6, 2001, the Court entered its Order in this regard against SHAW without SHAW's knowledge. Plaintiff's Application in Support of Entry of Final Judgments Against Defendants Internet Solutions for Business, Inc. and Lawrence Shaw and For Awarding Civil Penalty Against Lawrence Shaw on or about December 3, 2001. The Final Judgment Granting Permanent Injunction and Other Relief as to Defendant Lawrence Shaw was then filed on the 23rd day of January, 2002. All of the foregoing documents which were allegedly served on Defendant, SHAW, were served by Plaintiff by mail on SHAW at an old address (Canal Basin, Coventry), which was no longer a good address for SHAW. See attached documentation incorporated herein by reference as though fully set forth at this point.

Plaintiff chose to serve the legal papers on SHAW at an old address in an attempt to obtain exactly what they did obtain, i.e., a Default and resulting Final Judgment, without Defendant's knowledge, and without Defendant being able to answer the allegations of Plaintiff's Complaint.

## III.

## ARGUMENT

### A. No Personal Service.

Nevada Rules Of Civil Procedure 60( c) provides that when a Default has been entered against a Defendant that has not been personally served, the Court may vacate such Judgment. Through process server, Keith Johns, Plaintiff attempted personal service on Defendant, SHAW, at Internet Solutions for Business, Limited, Internet House, Canal Basin,

4

Coventry, West Midlands, United Kingdom. Mr. Johns' Affidavit states "1. THAT I am a person employed by United States Securities and Exchange Commission, Fort Worth District Office, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, the Plaintiff and that I am over sixteen years of age. 2. THAT I did on Monday the 14th day of May 2001 serve the above-named Second Defendant, Lawrence Shaw, with a Summons dated the 28th day of February, 2001, Complaint and Civil Cover Sheet, by handing the same to him personally at Internet Solutions for Business Limited, Internet House, Canal Basin, Coventry, West Midlands, United Kingdom." This is an incorrect statement. The attached copy of a page from SHAW's business calendar which shows under the entry for "14/05/2001 - 11:00 - Meeting Held - Graham-his office" illustrates that on the date of service of the Summons and Complaint (May 14, 2001), Defendant, SHAW, was attending a business meeting in London, United Kingdom. This fact is more fully addressed in the Affidavit of Lawrence Shaw attached hereto and incorporated herein by reference. As SHAW was not personally served, this Court must therefore vacate the Default and resulting Final Judgment, and allow Defendant, SHAW, to answer the original action.

**B.      Surprise.**

Nevada Rules Of Civil Procedure 60(b)(1) provides that a party may be relieved from a final judgment by reason of surprise. SHAW only became aware of the existence of the Final Judgment entered against him when in February, 2005, he sought professional advice in regard to his business dealings in the United Kingdom. Defendant, SHAW, was shocked by this fact, as he never had any knowledge of this action.

As more fully discussed hereinabove, the statement sworn to by the process server, Keith Johns, that he personally served the Summons and Complaint on SHAW, is an incorrect statement, and SHAW was completely taken by surprise when he learned of this Judgment against him as he was never served with any documentation referencing this litigation.

...

## C. **Misrepresentation.**

Nevada Rules Of Civil Procedure 60(b)(2) provides that a party may be relieved from a final judgment by reason of fraud, misrepresentation or other misconduct of an adverse party.

As stated above, at all times relevant hereto. Defendant SHAW was not at the address set forth on the Affidavit of Service filed herein, but was at a business meeting in London, United Kingdom on the alleged date of service. However. Plaintiff chose to allege personal service of process on SHAW and, furthermore, served additional lawsuit documents by nail on SHAW at an old address in an attempt to obtain exactly what they did ultimately obtain. i.e., a Default and resulting Final Judgment, without SHAW's knowledge, and without SHAW being able to answer the allegations of Plaintiff's Complaint.

## IV.

## CONCLUSION

Defendant, SHAW, respectfully requests that this Honorable Court set aside the Default and the resulting Final Judgment entered herein against Defendant. SHAW.

DATED this 26th day of August, 2005.

AMESBURY & SCHUTT

By _____
DAVID C. AMESBURY, Esq.
Nevada Bar No. 3889
703 So. Eighth Street
Las Vegas, Nevada 89101
Attorneys for Defendant, SHAW

6